# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

WESTERN DIVISION                                                    Docket No.05-30010-MAP

| | |
|---|---|
| RICKY L. MOORE and KATHRYN M. MOORE<br><br>　　　　　　　　　　　　Plaintiffs<br>v.<br><br>KERRY P. STEARNS, LAURIE C. NIKITUK<br>and POND PASTURE, Inc.<br><br>　　　　　　　　　　　　Defendants | **FIRST AMENDED<br>COMPLAINT**<br>(Jury Trial Demanded) |

## PARTIES

1. The Plaintiffs RICKY L. MOORE and KATHRYN M. MOORE, are natural persons residing at 1226 North Ninth Avenue, Iron River, Michigan.

2. The Defendant KERRY P. STEARNS is a natural person residing at Otis, Hampden County Massachusetts.

3. The Defendant LAURIE C. NIKITUK, is a natural person residing at 204 Kingsley Road, Otis, Hampden County, Massachusetts, and was an agent for and/or employed by defendant Pond Pasture Real Estate.

4. The Defendant Pond Pasture, Inc. was a domestic corporation with a principal place of business located at 163 East Otis Road, Otis, Hampden County Massachusetts. Said corporation was voluntarily dissolved on December 31, 2002.

## JURISDICTION

5. This civil action is between citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00. Subject matter jurisdiction exist pursuant to 28 U.S.C. § 1332. Venue is proper in the District of Massachusetts under 28 U.S.C. §1391(a).

## INTRODUCTION

6. In July of 2002, the Defendant, Laurie C. Nikituk, presented the property known as 1495 Reservoir Road, located in Otis, Hampden County, Massachusetts to the Plaintiffs. The plaintiffs were given a Massachusetts Association of Realtors® Seller's Description of Property by the Listing Agent, Laurie C. Nikituk. Said description contained, *inter alia*, a disclosure regarding the drinking water source. The description stated that there were "*no known problems with quality/quantity*" of the drinking water or its source.

7. The disclosure was signed by the seller and served as an express representation regarding the condition of the property.

8. The Plaintiff Ricky L. Moore made an offer to Kerry P. Stearns to purchase the property commonly known as 1495 Reservoir Road, Otis, Massachusetts.

9. On or about July 22, 2002, the plaintiff Ricky L. Moore and Defendant Kerry P. Stearns entered into an agreement to buy and sell real estate, specifically the real estate known as 1495 Reservoir Road.

10. Prior to the property being conveyed, the Plaintiff was provided with a Title V inspection report. The report indicated that it was completed by Dave A. Sullivan. The inspection was performed at the request of the defendant Kerry P. Stearns.

11. Said report presented to the Plaintiff Ricky L. Moore represented that the system servicing the property conditionally passed the inspection, subject to a passing water test and subsequent approval of the Otis Board of Health. This was due to the fact that the well servicing the property was within 50 feet of the soil absorption system.

12. On or about August 20, 2002, the property was conveyed from the defendant Kerry P. Stearns to Ricky L. Moore.

**COUNT I**
(FRAUD and DECEIT
RICKY L. MOORE v. KERRY P. STEARNS)

13. Subsequent to the conveyance of the property known as 1495 Reservoir Road, the Plaintiff discovered that the septic system servicing the property was not in proper working order. The plaintiff was forced to have the septic tank pumped several times as a result of the system not working properly. In an effort to repair the faulty system, the Title V report presented to the plaintiff Ricky L. Moore at the time of conveyance was submitted to the Commonwealth of Massachusetts executive office of the Department of Environmental Protection, Western Regional Office.

14. Upon review of the Title V inspection, the program director pointed out several criteria upon which the Title V inspector should have failed the system.

15. Massachusetts law requires sellers of real property with private sewer systems to have a thorough system inspection prior to conveyance. If the system fails to meet certain minimum criteria, the property, as a matter of law cannot be conveyed.

16. The Defendant Kerry P. Stearns is vicariously liable for the actions of his agents. Due to his agents lack of due diligence, the defendant Kerry P. Stearns provided an inaccurate and incomplete Title V report to the Plaintiff Ricky L. Moore. Said report served as a material representation that private sewer system was in good working order and that the condition of the private sewer system met the requirements set forth in 310 Massachusetts Code of Regulations 15.301., when in fact it did not.

17. The Title V inspection report induced the plaintiff Ricky L. Moore go through with the purchase of the property.

18. The Plaintiff Ricky L. Moore justifiably relied on the defendant Kerry P. Stearns representations, to his detriment.

19. As a result, the Plaintiff Ricky L. Moore has been damaged in that he is the record title holder to the real estate which requires thousands of dollars in repairs in order to bring the system into compliance with the Massachusetts Code of Regulations 15.301.

**COUNT II**
(MUTUAL MISTAKE
RICKY L. MOORE v. KERRY P. STEARNS)

20. The Plaintiffs repeat and reallege paragraphs 1 through 19 as if restated fully herein.

21. The Defendant Kerry P. Stearns provided a Title V inspection report to the Plaintiff Ricky L. Moore.

22. A passing Title V inspection report was a condition precedent in the contract entered into by the Plaintiff Ricky L. Moore and the Defendant Kerry P. Stearns

23. Subsequent test and review of the Title V inspection report revealed that the report presented to the Plaintiff was inaccurate and that the private sewer system servicing the property did not meet the criteria required by 310 Massachusetts Code of Regulations 15.301.

24. The fact that the private sewer system is in failure is material in that the property will not accommodate a typical septic system design, replacement is very costly and the Plaintiff would not have purchased the property if provided with this information prior to the conveyance.

25. The Plaintiff Ricky L. Moore justifiably relied upon the report provided to him from Kerry P. Stearns and acted with reasonable care under circumstances.

26. As a result of the mutual mistake, the Plaintiff Ricky L. Moore has suffered a damages

## COUNT III
(MISREPRESENTATION v. KERRY P. STEARNS)

27. The Plaintiffs repeat and reallege paragraphs 1 through 26 as if restated fully herein.

28. The Plaintiffs reasonably relied upon the Defendant Kerry P. Stearns representations that there were no known problems with the drinking water supply.

29. Subsequent to the conveyance of the property, the Plaintiffs became ill. After numerous months of suffering from the illness and after several visits to a physician, their physician recommend that the plaintiffs have their drinking water supply tested.

30. The Plaintiffs had the drinking water supply tested and the test revealed abnormally high levels of nitrate in the water.

31. The Plaintiff's physician determined that the nitrate in the drinking water supply was the cause of the Plaintiff's sickness.

32. The Plaintiffs flushed the drinking water system several times and were able to reduce the level of nitrate to an acceptable level, however it consistently returned to its previous level within a few weeks.

33. Paragraph 17 of the purchase and sale agreement signed by the Defendant Kerry P. Stearns specifically stated that the well contained no defects known to seller.

34. Upon information and belief, the Defendant Kerry P. Stearns had problems with the water supply prior to the property being listed for sale, that the water had been tested on

numerous occasions, that prior tenants were advised to refrain from consuming the water and he knew or should have known that the well servicing the property was defective.

35. Upon information and belief, the Defendant Kerry P. Stearns took steps to hide the fact that the water contained high levels of nitrate in an effort to ensure the water test would pass the Title V inspection.

36. The Plaintiffs have not consumed the water since the test revealed the high levels of nitrate in the drinking water supply and their health has improved.

37. As a result, the Plaintiff Ricky L. Moore has been damaged in that he is the record holder to real estate which requires thousands of dollars in repairs in order to bring the drinking water system into compliance with the Massachusetts Code of Regulations 15.301, et seq..

38. As a result of the Defendant Kerry P. Stearns representation, the Plaintiffs have suffered from great pain of mind and body. In addition, the Plaintiffs have incurred great expense associated with medical treatment for both physical and psychological ailments.

## COUNT IV
(MISREPRESENTATION/FAILURE TO DISCLOSE/FRAUD/DECEIT
v. KERRY P. STEARNS.)

39. The Plaintiffs repeat and reallege paragraphs 1 through 38 as if restated fully herein.

40. The Defendant Kerry P. Stearns as seller of the property had a duty to disclose any past problems with the drinking water supply as he knew or should have known that the defect was latent and predictably could affect the health, safety and welfare of the plaintiffs.

41. The Defendant Kerry P. Stearns is liable to the Plaintiff Ricky Moore for his omission because he had special knowledge of a material fact that was not readily discernable and

knew or should have known that a potential purchaser of the property would want to know prior to making an offer to purchase.

42. As a result, the Plaintiff Ricky L. Moore has been damaged in that he is the record title holder to real estate which requires thousands of dollars in repairs in order to bring the drinking water system into compliance with the Massachusetts Code of Regulations 15.301, et seq..

43. As a result of the Defendant Kerry P. Stearns omission, the Plaintiffs have suffered from great pain of mind and body. In addition, the Plaintiffs have incurred great expense associated with medical treatment for both physical and psychological ailments.

## COUNT V
(MISREPRESENTATION v. LAURIE C. NIKITUK AND POND PASTURE, Inc.)

44. The Plaintiffs repeat and reallege paragraphs 1 through 43 as if restated fully herein.

45. Laurie C. Nikituk was the agent and/or employee for Pond Pasture, Inc., the listing broker for the Seller Defendant Kerry P. Stearns.

46. Prior to the property being conveyed, the Plaintiffs specifically questioned Laurie C. Nikituk, the listing agent for the seller, Defendant Kerry P. Stearns if the seller had ever had any problem with the water quality and quantity.

47. The Defendant Laurie C. Nikituk represented to the Plaintiffs that the seller had not experienced any problems with the drinking water supply.

48. Prior to the property being conveyed, the Plaintiffs specifically questioned Laurie C. Nikituk, the listing agent for the seller, Defendant Kerry P. Stearns if the owner had ever had any problems with the drinking water.

49. The Defendant Laurie C. Nikituk made a representation to the Plaintiffs, that, *inter alia* "the water had already been tested, the water passed and that they would be wasting their money if they did decide to test it."

50. The Plaintiffs justifiably relied on the representations of Laurie C. Nikituk and consequently the Plaintiffs did not have the water tested.

51. The representation made was false.

52. As a result of their reliance on the Defendant Laurie C. Nikituk's representations, the Plaintiffs have suffered from great pain of mind and body. In addition, the Plaintiffs have incurred great expense associated with medical treatment for both physical and psychological ailments.

53. As a further result of their reliance on the Defendant Laurie C. Nikituk's representation, the Plaintiff Ricky L. Moore has been damaged in that he is the record title holder to real estate which requires thousands of dollars in repairs in order to bring the drinking water system into compliance with the Massachusetts Code of Regulations 15.301, et seq..

## COUNT VI
(UNFAIR AND DECEPTIVE PRACTICE
c. 93A CONSUMER PROTECTION VIOLATION v. Laurie C. Nikituk)

54. The Plaintiffs repeat and reallege paragraphs 1 through 53 as if restated fully herein.

55. This is an action for damages pursuant to the Massachusetts Consumer Protection Act, G.L. c. 93A, §§ 2, 9(1).

56. The Defendant Laurie C. Nikituk as agent for the Defendant Kerry P. Stearns had an duty relay any questions she did not know the answers to regarding specific conditions of the property to the seller defendant Kerry P. Stearns.

57. The Defendant Laurie C. Nikituk made a representation as a matter of fact, irregardless of the fact that she herself had no actual knowledge of the condition and never in fact relayed such questions regarding the condition of the property to the seller.

58. Laurie C. Nikituk's actions or failure to act are deceptive in that said actions caused the Plaintiff Ricky L. Moore to act differently than he would have had the Defendant Laurie C. Nikituk acted with due diligence. The actions of Laurie C. Nikituk constitute unfair and deceptive acts or practices violative of Massachusetts Protection Act G.L. c. 93A § 2.

59. The acts or practices of the Defendant resulting in the loss described in paragraphs 52 and 53, supra, were done willfully or knowingly in violation of G.L. c. 93A, §2.

60. On or about March 18th, 2004, the Plaintiff served the via certified mail a written demand for relief identifying the claimant and reasonably describing the unfair or deceptive practice relied upon and the injury suffered. A copy of this written demand for relief is attached hereto as Exhibit 1.

61. On or about April 16, 2004, the Defendant Laurie C. Nikituk by an through her counsel responded to said demand, claimed no liability and tendered no offer of settlement.

62. As a result of their reliance on the Defendant Laurie C. Nikituk's actions or failure to act, the Plaintiffs have suffered from great pain of mind and body. In addition, the Plaintiffs have incurred great expense associated with medical treatment for both physical and psychological ailments.

63. As a result, the Plaintiff Ricky L. Moore has been damaged in that he is the record holder to real estate which requires thousands of dollars in repairs in order to bring the drinking water system into compliance with the Massachusetts Code of Regulations 15.301, et seq..

WHEREFORE the Plaintiffs pray this Honorable Court grant them the following relief

I. Judgment be entered against the Defendant Kerry P. Stearns in the amount equal to the purchase price of the property and the Defendant Kerry P. Stearns be enjoined take back title to the real estate; or

II. Judgment be entered against the Defendant Kerry P. Stearns in the amount equal the entire amount to replace the existing private sewer system and private well, and

III. The plaintiffs be compensated for their actual damages sustained in regards to the real estate;

IV. The Plaintiffs be compensated for their physical pain and suffering and mental anguish caused by the Defendant Kerry P. Stearns, with interest

V. The Plaintiffs be awarded their cost and attorney's fees;

VI. Any other relief this court feels is just and equitable.

WHEREFORE the Plaintiffs pray this Honorable Court grant them the following relief against Laurie C. Nikituk and Pond Pasture, Inc.;

VII. Judgment be entered against the Defendants Laurie C. Nikituk and Pond Pasture, Inc. and the plaintiffs be awarded for their actual damages in the amount equal to the cost to replace the existing private sewer system and private well servicing the real estate;

VIII. The Plaintiffs be compensated for their physical pain and suffering and mental anguish caused by Pond Pasture Inc.,'s agent Defendant Laurie C. Nikituk's misrepresentations, with interest;

IX. The Plaintiffs be compensated for their physical pain and suffering and mental anguish caused by Pond Pasture Inc.'s Agent, Defendant Laurie C. Nikituk's misrepresentations, with interest

X. The Plaintiffs be awarded their cost and attorney's fees pursuant to M.G.L. c. 93A ;

XI. The Court award double or treble damages pursuant to M.G.L. c. 93A;

XII. Any other relief this court feels is just and equitable.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON**

**ALL COUNTS SO TRIABLE**

THE PLAINTIFFS
Ricky L. Moore and Kathryn M. Moore
By their attorney,

Dated:   January 28, 2005

Bradford B. Moir, Esquire
MOIR & ROSS
45 Broad Street, Suite #2
Westfield, MA 01085
Tel. (413) 568-1957
Fax. (413) 562-4691
BBO# 350600