UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION



RICKY L. MOORE and KATHRYN
M. MOORE,
               Plaintiffs

v.                                       Civil Action No. 05-30010-MAP

KERRY P. STEARNS, LAURIE C.
NIKITUK and POND PASTURE, INC.,
               Defendants

## MOTION TO DISMISS

Now comes the Defendant, Laurie C. Nikituk ("Nikituk"), through her attorney, and moves the Court to dismiss the above-entitled action, without prejudice. The Defendant submits that the Court lacks jurisdiction over this action in that the amount **actually** in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. The jurisdictional amount asserted in the Complaint is fictional only, as more fully appears by the following.

## FACTS

1. On July 22, 2002, the Plaintiff, Ricky L. Moore and the Defendant, Kerry Stearns entered into a Purchase and Sale Agreement, whereby Stearns agreed to sell property located at 1495 Reservoir Road in Otis, MA (the "Premises") to the Plaintiff for $85,400.

2. On August 20, 2002, Stearns sold the Premises to the Plaintiff, Ricky L. Moore, for $89,000.

3. The claims asserted against all of the Defendants are, generally speaking, based upon an alleged misrepresentation respecting a well located on the property which the Plaintiff claims was contaminated at the time of conveyance of the property.

4. In their Complaint filed with this Court, the Plaintiffs do not itemize their damages, but have merely stated that "the amount in controversy, exclusive of interests and costs, exceeds $75,000".

5. With respect to the Defendant Nikituk, the Plaintiff's are requesting an "amount equal to the cost to replace the existing private sewer system and private well servicing the real estate", and "compensate[ion] for their physical pain and suffering and mental anguish"; attorneys fees and damages under G.L. 93A.[1]

## ARGUMENT

**1.** **The Plaintiff's claims do not satisfy the jurisdictional pre-requisite.**

Although " a Federal Court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction", In re Recticel Foam Corp., 859 F. 2nd 1000, 1002 (First Cir. 1988); See also Fed. R. Civ. P. 12(h)(3), the Plaintiffs have the burden of showing that their claims meet the amount-in-controversy requirement. While a Plaintiff's "general allegations of damages that meet the amount requirement suffices unless questioned by the opposing party or the court", Spielman v. Genzyme Corp., 251 F. 3rd 1 at 5 ( 1st Cir 2001), if the opposing party questions the damages allegation, then "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount" Id. quoting Department of Recreation in Sports v. World Boxing Association, 942 F. 2d at 88. "If, from the face of the pleadings, it is apparent, to a legal certainty that the plaintiff cannot recover the amount claimed, or if from the proofs, the court is satisfied to a like certainty that the plaintiff never

---

[1] A party cannot satisfy the amount-in-controversy by inclusion of any attorney's fees which might be obtained, as authorized under Ch. 93A. See Spielman v. Genzyme Corp., 251 F. 3rd 1 (2001).

was entitled to recover that amount . . . the suit will be dismissed". St. Paul Mercury Indemnity Company v. Red Cab Company, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938).

**1(a).   The Plaintiff Ricky Moore's claim as to the cost to repair the well.**

Mr. Moore is the only party to the Purchase and Sale Agreement. The damages which Mr. Moore would be entitled to for his claim of negligent misrepresentation, under Massachusetts law, is the cost to repair the well system. See Anzalone v. Strand, 14 Mass. App. Ct. 45, 49 (1982) (where seller unintentionally misrepresented area of a parcel of improved real estate, the Court held that the measure of damages was the "out-of-pocket loss, i.e. the difference between the actual value of what the plaintiff/buyer received, and the purchase price, plus any other pecuniary loss suffered in reliance on the misrepresentation"). See also Grossman v. Waltham Chemical Company, 14 Mass. App. Ct. 932 (1982) (where home inspection company failed to disclose any reported signs of a known defect, damages awarded were in an amount equal to the cost of correcting the structural damage).

Mr. Moore has failed to state in the Complaint the cost for the repair of the system. Nikituk submits that, upon information and belief, such cost is less than $2,500.

**1(b).   Mr. and Mrs. Moore's claims for physical injuries.**

Turning to the Plaintiffs' claims seeking compensation for alleged physical injuries they experienced from drinking water from the well, no itemized statement of medical specials has been submitted to the Court. The only glimpse we have of medical treatment is offered in Paragraph 29 of the Complaint, in which the Plaintiffs' state that they "became ill", and that "after numerous months of suffering from the illness and after several visits to a physician, their physician recommend that the Plaintiffs(sic) have their drinking water supply tested". The Plaintiffs then state that they "...have not consumed the water since the test revealed the high levels of nitrate in the drinking water supply *and their health has improved*". See Paragraph 36of Plaintiff's Complaint ( emphasis supplied). Although they claim that they "have incurred great expense associated with medical treatment for both physical and psychological ailments", they fail to state the cost or nature of such treatment.

Given their failure to itemize their medical expenses, and further given that - - at least according to the statements contained in their Complaint - - it would appear that the Plaintiff's physical injuries were episodic in nature, with no permanent effects, this aspect of the Plaintiff's Complaint also fails to satisfy the amount-in-controversy requirement. See Volvo North America v. Mens International Pro Tennis Council, 678 F. Supp. 1035 (DCNY 1987) (reversed in part, vacated in part on other grounds), 857 F. 2nd 55 (2d.Cir. 1988) (complaint that did not state that the amount in controversy in a breach of contract action exceeded the sum or value of $10,000 and that it did not plead any specific amount of damages, did not satisfy amount-in-controversy requirement).

## CONCLUSION

For the foregoing reasons, the Defendant Laurie C. Nikituk requests that the Plaintiffs' Complaint be dismissed as this Court lacks jurisdiction of the action due to the Plaintiffs failure to satisfy the amount-in-controversy.

Respectfully submitted,

LAURIE C. NIKITUK,
    Defendant

By her attorney

_____
Richard J. O'Brien, Esquire
75 North Street, Suite 310
Pittsfield, MA 01201
(413) 499-5656
BBO #: 552285

## CERTIFICATE OF SERVICE

I, Richard J. O'Brien, hereby certify that on this 3rd day of March, 2005, I caused a copy of the foregoing Motion to be forwarded to Bradford B. Moir, Esquire, Moir & Ross, 45 Broad Street, Suite 2, Westfield, Massachusetts 01085.

_____
Richard J. O'Brien, Esquire

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

---

RICKY L. MOORE and KATHRYN M. MOORE,
    Plaintiffs

v.                                    Civil Action No. 05-30010-MAP

KERRY P. STEARNS, LAURIE C. NIKITUK and POND PASTURE, INC.,
    Defendants

---

## ORDER

The Motion of the Defendant, Laurie C. Nikituk, to Dismiss this action on the ground that the requisite diversity of citizenship does not exist and that the Court is without jurisdiction, having come before the Court on due notice, and the matter having been argued and submitted to the Court by counsel for the respective parties; and it appearing to the Court that diversity of citizenship did not exist between the parties at the time of filing this action, and that no other ground for jurisdiction of this Court has been suggested or exists; therefore,

IT IS ORDERED that this action be and hereby is dismissed, without prejudice, and that Defendant have her costs of suit.

_____, 2005                          _____