UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

RICKY L. MOORE and KATHRYN
M. MOORE,
            Plaintiffs

v.                                                Civil Action No. 05-30010-MAP

KERRY P. STEARNS, LAURIE C.
NIKITUK and POND PASTURE, INC.,
            Defendants

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

Now comes the Defendant, Laurie C. Nikituk ("Defendant"), and pursuant to Mass. R. Civ. Pro. 8, responds as follows to the Plaintiffs, Rickie L. Moore and Katherine M. Moore's, Complaint:

### PARTIES

1. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint, and calls upon the Plaintiffs to prove same.

2. Admitted.

3. Admitted.

4. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 4 of the Plaintiff's Complaint, and calls upon the Plaintiffs to prove same.

### JURISDICTION

5. The Defendant denies that this Court has subject matter jurisdiction pursuant to 28 USC § 1332, in that the amount in controversy, exclusive of interest and costs, does not exceed $75,000.

## INTRODUCTION

6. Admitted.

7. The Defendant admits that the disclosure was signed by the seller. The Defendant denies that said disclosure served as "an express representation regarding the condition of the property".

8. Admitted.

9. Admitted.

10. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 10, and calls upon the Plaintiffs to prove same.

11. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 11, and calls upon the Plaintiffs to prove same.

12. Admitted.

## COUNT I
## (FRAUD AND DECEIT - RICKIE L. MOORE V. KERRY P. STEARNS)

13. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 13, and calls upon the Plaintiffs to prove same.

14. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 14, and calls upon the Plaintiffs to prove same.

15. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 15, and calls upon the Plaintiffs to prove same.

16. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 16, and calls upon the Plaintiffs to prove same.

17. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 17, and calls upon the Plaintiffs to prove same.

18. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 18, and calls upon the Plaintiffs to prove same.

19. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 19, and calls upon the Plaintiffs to prove same.

## COUNT II
## (MUTUAL MISTAKE - RICKIE L. MOORE V. KERRY P. STEARNS)

20. The Defendant repeats and restates her answers to paragraphs 1-19 as if originally set forth herein.

21. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 21, and calls upon the Plaintiffs to prove same.

22. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 22, and calls upon the Plaintiffs to prove same.

23. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 23, and calls upon the Plaintiffs to prove same.

24. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 24, and calls upon the Plaintiffs to prove same.

25. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 25, and calls upon the Plaintiffs to prove same.

26. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 26, and calls upon the Plaintiffs to prove same.

## COUNT III
## (MISPRESENTATION V. KERRY P. STEARNS)

27. The Defendant repeats and restates her answers to paragraphs 1-26 as if originally set forth herein.

28. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 28, and calls upon the Plaintiffs to prove same.

29. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 29, and calls upon the Plaintiffs to prove same.

30. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 30, and calls upon the Plaintiffs to prove same.

31. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 31, and calls upon the Plaintiffs to prove same.

32. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 32, and calls upon the Plaintiffs to prove same.

33. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 33, and calls upon the Plaintiffs to prove same.

34. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 34, and calls upon the Plaintiffs to prove same.

35. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 35, and calls upon the Plaintiffs to prove same.

36. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 36, and calls upon the Plaintiffs to prove same.

37. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 37, and calls upon the Plaintiffs to prove same.

38. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 38, and calls upon the Plaintiffs to prove same.

## COUNT IV
## (MISREPRESENTATION – FAILURE TO DISCLOSE –
## FRAUD – DECEIT V. KERRY P. STEARNS)

39. The Defendant repeats and restates her answers to paragraphs 1-38 as if originally set forth herein.

40. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 40, and calls upon the Plaintiffs to prove same.

41. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 41, and calls upon the Plaintiffs to prove same.

42. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 42, and calls upon the Plaintiffs to prove same.

43. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 43, and calls upon the Plaintiffs to prove same.

## COUNT V
## (MISREPRESENTATION V. LAURIE C. NIKITUK
## AND POND PASTURE, INC.)

44. The Defendant repeats and restates her answers to paragraphs 1- 43 as if originally set forth herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT VI
## (UNFAIR AND DECEPTIVE PRACTICE CH. 93A CONSUMER PROTECTION VIOLATION V. LAURIE C. NIKITUK)

54. The Defendant repeats and restates her answers to paragraphs 1-53 as if originally set forth herein.

55. The Defendant states that she is without sufficient information to either admit or deny the allegations contained in paragraph 55, and calls upon the Plaintiffs to prove same.

56. The Defendant states that the allegation contained in paragraph 56 does not make sense, and accordingly she is unable to respond thereto. If the Defendant is obligated to respond to paragraph 56, she denies said allegations.

57. Denied.

58. Denied.

59. Denied.

60. The Defendant admits that she received correspondence dated March 18, 2004. The Defendant denies that said correspondence "reasonably describ[ed] the unfair or deceptive practice relied upon and the injuries suffered".

61. Admitted.

62. Denied

63. Denied.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs' Complaint has failed to state a claim upon which relief can be granted, and accordingly should be dismissed.

2. The Plaintiffs have failed to bring their claim within the time allowed by law, and accordingly their claim should be dismissed.

3. The amount in controversy, exclusive of interest and costs, does not exceed $75,000. Accordingly, the Plaintiffs' Complaint should be dismissed.

4. The Plaintiffs' claim under their so-called Ch. 93A Demand Letter are not claims actionable under G.L. Ch. 93A, and accordingly such claim should be dismissed.

5. The Plaintiffs' own negligence contributed to their damages, if any, and recovery in this action should be barred or diminished in accordance with G.L.c. 231 §85.

6. The injuries allegedly sustained by the Plaintiff's were caused by the acts or acts of persons for whose conduct the Defendant is not responsible.

7. Process in this action is insufficient; wherefore this action should be dismissed.

8. Service of process in this action was insufficient; wherefore this action should be dismissed.

WHEREFORE, the Defendant, Laurie C. Nikituk, requests that the Plaintiffs' Complaint be dismissed, and that she be awarded her costs, and attorney's fees for defending against that action.

Respectfully submitted,

LAURIE C. NIKITUK,
Defendant

By her attorney

Richard J. O'Brien, Esquire
75 North Street, Suite 310
Pittsfield, MA 01201
(413) 499-5656
BBO #: 552285

## CERTIFICATE OF SERVICE

I, Richard J. O'Brien, hereby certify that on this _ day of May, 2005, I caused a copy of the foregoing Answer to be forwarded to Bradford B. Moir, Esquire, Moir & Ross, 45 Broad Street, Suite 2, Westfield, Massachusetts 01085 and Peter J. Brewer, Esquire, 32 Mahaiwe Street, Great Barrington, MA 01230.

Richard J. O'Brien, Esquire