# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

WESTERN DIVISION                                     Docket No.05-300010-MAP

| | |
|---|---|
| RICKY L. MOORE and KATHRYN M. MOORE<br><br>                    Plaintiffs<br>v.<br><br>KERRY P. STEARNS, LAURIE C. NIKITUK<br>and POND PASTURE, Inc.<br><br>                    Defendants | **JOINT STATEMENT** |

    Counsel for the above parties have conferred and submit the following joint statement pursuant to L.R. 16.1:

Proposed Pretrial Schedule

    1. Each party shall make initial disclosures as required by Fed. R. Civ. P. 26 (a) (1) on or before September 30, 2005.

2. Non-expert discovery shall be completed on or before January 15, 2006.

3. Motions pursuant to Fed. R. Civ. P. Rule 12 be filed and heard before October 31, 2005.

4. Counsel for each party request a conference at the conclusion of the non-expert discovery period for a case management conference on January 18, at 2:30 p.m.

   a. To determine a period of expert discovery if needed or to set a trial date at that time.
   b. Counsel also agrees to be prepared to discuss at that time possibilities of settlement and mediation, and;
   c. To establish a filing deadline for Motions for Summary Judgment.

Certificates

    Attached are the certifications of counsel and a representative of each party pursuant to L.R. 16.1 (D) (3).

Docket No.05-300010-MAP

- 2 -

|  |  |
|---|---|
|  | THE PLAINTIFFS<br>Ricky L. Moore and Kathryn M. Moore<br>By their attorney, |
| Dated: July 15, 2005 |  |
|  | /s/ Bradford B. Moir<br>_____<br>Bradford B. Moir, Esquire<br>MOIR & ROSS<br>45 Broad Street, Suite #2<br>Westfield, MA  01085<br>Tel. (413) 568-1957<br>Fax. (413) 562-4691<br>BBO# 350600 |
|  | THE DEFENDANT<br>Kerry P. Stearns |
|  | /s/ Peter J. Brewer<br>_____<br>Peter J. Brewer, Esq.<br>2 Mahaiwe Street<br>Post Office Box 1059<br>Great Barrington, MA 01023<br>Tel. (413)-528-6290<br>Fax. (413)-528-6283<br>BBO# 545604 |
|  | THE DEFENDANT<br>Laurie C. Nikituk |
|  | _____<br>Richard J. O'Brien, Esquire<br>75 North Street, Suite 310<br>Pittsfield, MA 01201<br>(413)- 499-5656<br>BBO# 552285 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WESTERN DIVISION                                    Docket No.05-30010-MAP_

| | |
|---|---|
| RICKY L. MOORE and KATHRYN M. MOORE<br><br>                Plaintiffs<br>v.<br><br>KERRY P. STEARNS, LAURIE C. NIKITUK<br>and POND PASTURE, INC.<br><br>                Defendants | **AGENDA OF MATTERS** |

Pursuant to Fed. R. Civ. P. 16(b), the parties certify that they have conferred and the following issues will be addressed before the court on July 25, 2005.

1. The plaintiffs would like to discuss filing a motion to amend their complaint to clarify the alleged contamination of the water. In particular, the Plaintiffs would like to amend the averment contained in Paragraph 30 of the Plaintiffs First Amended Complaint, which reads as follows.

   30.    The Plaintiffs had the drinking water supply tested and the test revealed abnormally high levels of nitrate in the water.

   The plaintiffs would like to amend the complaint to read as follows.

   30.    The Plaintiffs had the drinking water supply tested and the test revealed that the water DID NOT meet public drinking water bacteriological standards, and the plaintiffs were advised that they should not consume the water due to the contamination.

2. The defendant KERRY P. STEARNS has not yet filed an answer to the complaint. The plaintiff suggests that the answer not be filed until after the plaintiff's motion to amend the complaint is heard. After a hearing on the motion, provided such is allowed, the plaintiff will serve the second amended complaint on all parties after which time the defendant KERRY P. STEARNS would be permitted to answer within the time frames designated by the rule.

3. The plaintiff would like to discuss voluntarily dismissing the claim against Pond Pasture, Inc. As reason therefore, although the Defendant Laurie C. Nikituk is listed as an officer of the corporation, it appears that Pond Pasture, Inc. has no affiliation with Pond Pasture Real Estate.

4. The plaintiffs would like to discuss proceeding with a initial phase of discovery and initial disclosures required under Fed R. Civ. P. 26(A)(2) to determine whether at that time it is appropriate to amend the complaint to add a defendant Alan Koivisto, who is apparently the principal of Pond Pasture Real Estate, all though there is no d/b/a certificate on record with the Town of Otis, and there is no record that Alan Koivisto is an officer of an Massachusetts Corporation listed with the Secretary of the Commonwealth. Upon information and belief, based on statements from the Town of Granville Town Clerk, it appears that Alan Koivisto is doing business as Pond Pasture Real Estate.

5. The plaintiff's would like to discuss LAURIE C. NIKITUK'S affirmative defenses 3, 7, 8. In particular, the defendant LAURIE C. NIKITUK had filed a motion to dismiss pursuant to Fed. R. Civ. P. 12 (1). The motion was denied by the court. Pursuant to rule12(h)(1)(a), the defendant LAURIE C. NIKITUK has waived those aforementioned defenses by omitting the same from the initial Rule 12 Motion. Plaintiff would like to discuss whether a Rule 12(f) Motion to strike is necessary, or if the Defendant agrees to waive the same in the answer.

6. SETTLEMENT The plaintiff would like to discuss any possibility of settlement. The house located at 1495 Reservoir Road is currently being foreclosed upon by the Plaintiff's mortgagee. That mortgagee has halted proceedings as a result of this action and appears amiable to some kind of settlement, including reduction in the amount owed. The plaintiff would like to mitigate their damages, however do not have the financial ability to do so. The plaintiff's considers as part of the damage the continuing interest that is in arrears with the mortgagee. The plaintiff is open to suggestions from other defendants as to possible solutions to the issue of damages, at least to mitigate the same.

7. SETTLEMENT: The plaintiff has made an offer of settlement to the KERRY P. STEARNS on May 12, 2005 to release Mr. Stearns from the suit. No further discussions have been held regarding settlement, however the plaintiff's offer to settle remains open until revoked.

8. SETTLEMENT: The plaintiff has not made an offer of settlement to the defendant LAURIE NIKITUK as counsel has denied any liability on her behalf and otherwise has determine that no offer to settle the case will be forthcoming from the defendant LAURIE NIKITUK.

9. SETTLEMENT: Defendant Stearns is interested in purchasing back the real estate. Stearns has made a partial offer of settlement by offering Plaintiffs' lender, Wells Fargo, an amount for the compromise and release of the Plaintiffs' mortgage loan, without recourse against Plaintiffs, in exchange for a deed in lieu of foreclosure to Defendant Stearns.

- 3 -

|  |  |
|---|---|
| | THE PLAINTIFFS<br>Ricky L. Moore and Kathryn M. Moore<br>By their attorney, |
| Dated:   July 12, 2005 | /s/Bradford B. Moir<br><br>_____<br>Bradford B. Moir, Esquire<br>MOIR & ROSS<br>45 Broad Street, Suite #2<br>Westfield, MA  01085<br>Tel. (413) 568-1957<br>Fax. (413) 562-4691<br>BBO# 350600 |

THE DEFENDANT
Kerry P. Stearns

/s/ Peter J. Brewer
Peter J. Brewer, Esq.
2 Mahaiwe Street
Post Office Box 1059
Great Barrington, MA 010230
Tel. (413)-528-6290
Fax. (413)-528-6283
BBO# 545604

THE DEFENDANT
Laurie C. Nikituk

(will file under separate cover)

_____
Richard J. O'Brien, Esquire
75 North Street, Suite 310
Pittsfield, MA 01201
(413)- 499-5656
BBO# 552285