## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

Civil Action No. 05-30010-MAP

RICKY L. MOORE and KATHRYN
M. MOORE,
                Plaintiffs

v.

KERRY P. STEARNS and LAURIE C.
NIKITUK
                Defendants

## DEFENDANT KERRY P. STEARN'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Kerry P. Stearns ("Defendant") hereby answers the Plaintiffs' Second Amended Complaint, paragraph by paragraph following the numbering in the Complaint, as follows:

### PARTIES

1.      The Defendant states that he is without sufficient information to either admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint, and calls upon the Plaintiffs to prove same.

2.      Admitted.

3.      Admitted.

### JURISDICTION

4.      The Defendant denies that this Court has subject matter jurisdiction pursuant to 28 USC § 1332, in that the amount in controversy, exclusive of interest and costs, does not exceed $75,000.

## INTRODUCTION

5.    The Defendant states that he is without sufficient information to either admit or deny the allegations contained in paragraph 6 of the Plaintiff's Complaint, and calls upon the Plaintiffs to prove same. The Defendant states that referenced documents speak for themselves.

6.    The Defendant states that the referenced documents speak for themselves. The Defendant denies that said disclosure served as "an express representation regarding the condition of the property".

7.    Admitted.

8.    Admitted.

9.    The Defendant admits that he obtained a Title V report and that he, or his agent, provided a copy of the report to the Plaintiff.

10.    The Defendant states that the referenced documents speaks for themselves, and the Defendant otherwise denies the allegations of Paragraph 10.

11.    Admitted.

## COUNT I
## (FRAUD AND DECEIT - RICKIE L. MOORE V. KERRY P. STEARNS)

12.    The Defendant states that he is without sufficient information to either admit or deny the allegations contained in paragraph 12, and calls upon the Plaintiffs to prove same.

13.    The Defendant states that he is without sufficient information to either admit or deny the allegations contained in paragraph 13, and calls upon the Plaintiffs to prove same.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

## COUNT II
## (MUTUAL MISTAKE  - RICKIE L. MOORE V. KERRY P. STEARNS)

19.     The Defendant repeats and restates his answers to paragraphs 1-18 as if originally set forth herein.

20.     The Defendant admits that he obtained a Title V report and that he, or his agent, provided a copy of the report to the Plaintiff.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

## COUNT III
## (MISPRESENTATION V. KERRY P. STEARNS)

26.     The Defendant repeats and restates his answers to paragraphs 1-25 as if originally set forth herein.

27.     Denied.

28.     Denied.

29.     Denied.

30      Denied.

31.     Denied.

32.     The Defendant states that the referenced document speaks for itself and Defendant otherwise denies the allegations of Paragraph 32.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.    Denied.

## COUNT IV
## (MISREPRESENTATION – FAILURE TO DISCLOSE –
## FRAUD – DECEIT V. KERRY P. STEARNS)

38.    The Defendant repeats and restates his answers to paragraphs 1-37 as if originally set forth herein.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

## COUNT V
## (MISREPRESENTATION V. LAURIE C. NIKITUK
## AND POND PASTURE, INC.)

43.    The Defendant repeats and restates his answers to paragraphs 1- 42 as if originally set forth herein.

44.    Admitted.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

## COUNT VI
## (UNFAIR AND DECEPTIVE PRACTICE CH. 93A CONSUMER PROTECTION VIOLATION V. LAURIE C. NIKITUK)

53. The Defendant repeats and restates his answers to paragraphs 1-52 as if originally set forth herein.

54. The Defendant states that he is without sufficient information to either admit or deny the allegations contained in paragraph 54, and calls upon the Plaintiffs to prove same.

55. The Defendant states that the allegations contained in paragraph 55 are poorly worded and a response is not possible. If the Defendant is obligated to respond to paragraph 55, he denies said allegations.

56. The Defendant states that the allegations contained in paragraph 56 are poorly worded and a response is not possible. If the Defendant is obligated to respond to paragraph 56, he denies said allegations.

57. Denied.

58. Denied.

59. The Defendant states that the referenced document speaks for itself, and further that he is without sufficient information to either admit or deny the allegations contained in paragraph 59, and calls upon the Plaintiffs to prove same.

60. The Defendant states that the referenced document speaks for itself, and further that he is without sufficient information to either admit or deny the allegations contained in paragraph 60, and calls upon the Plaintiffs to prove same.

61. Denied.

62. Denied

## AFFIRMATIVE DEFENSES

1. The amount in controversy, exclusive of interest and costs, does not exceed $75,000. Accordingly, the Plaintiffs' Complaint should be dismissed.

2.  The Plaintiffs' Complaint has failed to state a claim upon which relief can be granted, and therefore should be dismissed.

3.  The Plaintiffs have failed to bring their claim within the time allowed by law, and therefore their claim should be dismissed.

4.  The Plaintiffs' own negligence contributed to their damages, if any, and recovery in this action should be barred or diminished.

5.  The injuries allegedly sustained by the Plaintiff's were caused by the acts or negligence of persons for whose conduct the Defendant is not responsible.

6.  Process in this action is insufficient; wherefore this action should be dismissed.

7.  Service of process in this action was insufficient; wherefore this action should be dismissed.

WHEREFORE, the Defendant prays this Honorable Court deny the relief sought by the Plaintiffs, dismiss the Plaintiffs' Complaint, and grant costs and attorneys fees to the Defendant, and grant such other relief and this Honorable Court deems appropriate.

Respectfully submitted,

KERRY P. STEARNS,
Defendant
By his attorney

Peter J. Brewer, Esq.
32 Mahaiwe Street
Great Barrington, MA 01230
413 528 6290
Fax 413 528 6283
BBO # 545604

## CERTIFICATE OF SERVICE

I, Peter J. Brewer, Esq., hereby certify that on this ___ day of August, 2005, I sent, by first class prepaid mail, a copy of this document to Bradford B. Moir, Esquire, Moir & Ross, 45 Broad Street, Suite 2, Westfield, Massachusetts 01085 and Richard J. O'Brien, Esq., 75 North Street, Pittsfield, MA 01201.

Peter J. Brewer